UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

SHAWN M. WOODSON,
             *Petitioner-Appellant,*

v.

RONALD HUTCHINSON; ATTORNEY
GENERAL FOR THE STATE OF
MARYLAND,

             *Respondents-Appellees.*

No. 01-7860

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
William M. Nickerson, Senior District Judge.
(CA-99-944-WMN)

Argued: October 31, 2002

Decided: December 3, 2002

Before WILKINS, Circuit Judge, Frank J. MAGILL,
Senior Circuit Judge of the United States Court of Appeals
for the Eighth Circuit, sitting by designation, and
Robert E. PAYNE, United States District Judge for the
Eastern District of Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Neal Lawrence Walters, UNIVERSITY OF VIRGINIA
SCHOOL OF LAW APPELLATE LITIGATION CLINIC, Char-

lottesville, Virginia, for Appellant. Ann Norman Bosse, Assistant Attorney General, Criminal Appeals Division, OFFICE OF THE ATTORNEY GENERAL, Baltimore, Maryland, for Appellees. **ON BRIEF:** J. Joseph Curran, Jr., Attorney General of Maryland, Criminal Appeals Division, OFFICE OF THE ATTORNEY GENERAL, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Shawn M. Woodson appeals the denial of his petition for a writ of habeas corpus, *see* 28 U.S.C.A. § 2254 (West 1994 & Supp. 2002). He contends that he is entitled to habeas relief because his attorney failed to object to the closure of the courtroom during voir dire. Because at least one judge of the panel has concluded that Woodson "has made a substantial showing of the denial of a constitutional right," 28 U.S.C.A. § 2253(c)(2) (West Supp. 2002), we grant a certificate of appealability. We nevertheless affirm.

### I.

In 1990, Woodson was convicted of first degree murder, attempted second degree murder, and related offenses. *See Woodson v. State*, 600 A.2d 420, 421 (Md. 1992). He was sentenced to death for first degree murder and to a total of 70 years imprisonment for the remaining offenses. *See id.* The Maryland Court of Appeals affirmed a portion of this judgment but reversed the first degree murder conviction and the accompanying death sentence. *See id.* at 428. At his retrial on the first degree murder charge, Woodson was found guilty of second degree murder and sentenced to a term of imprisonment to be served consecutively to the terms imposed at his first trial.

At Woodson's first trial, the court ("Judge Mitchell") ruled that none of Woodson's relatives would be permitted to remain in the courtroom during voir dire. Judge Mitchell allowed family members to be present for other stages of the trial; with respect to voir dire, however, Judge Mitchell said, "With the size and limitations of space, once we begin voir dire everyone not at trial table will be excluded." J.A. 43. When defense counsel requested that Woodson's mother be allowed to remain in the room, Judge Mitchell denied this request: "Everyone will have to stand outside. We don't have space to permit that." *Id.*[1]

After his second trial, Woodson filed a petition for post conviction review in state court. Among other claims, he alleged that his attorneys provided ineffective assistance by failing to assert that excluding Woodson's relatives from the courtroom during voir dire violated his Sixth Amendment right to a public trial. The post conviction court ("Judge Smith") rejected this claim on two grounds. First, Judge Smith determined that the purpose of Judge Mitchell's ruling was not to exclude the public but rather to clear space for prospective jurors. Second, Judge Smith concluded that counsel's failure to object was not deficient because the case cited in Woodson's post conviction petition—a decision of the Maryland Court of Appeals—had not been decided at the time of Woodson's first trial.

Woodson subsequently filed this action reiterating his ineffective assistance claim. The district court held that the state post conviction ruling was not unreasonable. The court further ruled that Woodson was not entitled to relief because he could not demonstrate prejudice from the order excluding his relatives from the courtroom.

## II.

## A.

On appeal, Woodson again contends that the failure of his attorneys to raise a Sixth Amendment public trial claim amounted to inef-

---

[1]The courtroom was also closed during a later portion of voir dire in which prospective jurors were questioned individually. This closure is not relevant to the issues presented in this appeal.

fective assistance of counsel. Under the familiar *Strickland* standard, this ineffective assistance claim has two components: "First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).[2]

The alleged ineffectiveness here consists of counsel's failure to object to the closure of the courtroom during voir dire. Thus, as a predicate to his *Strickland* showings, Woodson must demonstrate that Judge Mitchell's closure ruling violated Woodson's Sixth Amendment right to a public trial. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a . . . public trial . . . ."). The Supreme Court has held that the Public Trial Clause embodies a "'presumption of openness [that] may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Waller v. Georgia*, 467 U.S. 39, 45 (1984) (quoting *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 510 (1984)). In deciding to close the courtroom, the trial court must articulate the interest to be served by closure "along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id.* (internal quotation marks omitted).

Even if Woodson can make the showings required to support his claim, he may not be entitled to reversal of his conviction. By statute, we may not grant a writ of habeas corpus unless Judge Smith's denial of post conviction relief "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 405-13 (2000) (interpreting § 2254(d)(1)).

---

[2]Woodson claims that he is not required to show prejudice because denial of the right to a public trial is presumptively prejudicial. Because we find that counsel's performance was not deficient, we need not consider this assertion. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.").

B.

Woodson has not demonstrated that his counsel performed deficiently. Accordingly, Judge Smith's rejection of Woodson's ineffective assistance claim was not unreasonable and affords no basis for habeas relief.

At the outset, it is not certain that the Public Trial Clause applies to voir dire proceedings. The Supreme Court has held unequivocally that the First Amendment right of public access applies during voir dire, *see Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 510-11 (1984), but one justice concurring in that holding suggested that the Sixth Amendment public trial right has a more limited scope, *see id.* at 516 (Stevens, J., concurring). When the Supreme Court subsequently applied the Public Trial Clause to a suppression hearing, it did so based on the trial-like nature of such proceedings. *See Waller*, 467 U.S. at 46-47. We have not found any case in which the Court applied the Public Trial Clause to the jury selection process. Thus, Woodson's attorneys could reasonably have questioned whether Woodson had any constitutional right to an open courtroom during voir dire.

There is a similar absence of precedent with respect to Judge Mitchell's stated reason for closing the courtroom—the lack of sufficient space to accommodate Woodson's family along with all the prospective jurors. Woodson argues that such space limitations can never override a defendant's interest in a public trial. He has not cited any support for this proposition, however, and we have discovered none in our research; on the contrary, the only two cases we have found addressing this issue have upheld courtroom closures based on insufficient space. *See People v. Abram*, 1996 WL 33359111, at *3 (Mich. Ct. App. Sept. 13, 1996) (per curiam) (unpublished opinion); *State v. Hooks*, 1998 WL 754574, at *14 (Ohio Ct. App. Oct. 30, 1998) (unpublished opinion). In any event, even if we were to adopt Woodson's argument today, this would not establish that his attorneys performed deficiently more than a decade ago. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995) (holding that counsel does not perform deficiently by failing to anticipate new rules of law).

Finally, to the extent that space considerations afford a proper basis for closing the courtroom, we cannot say that such closure was

improper here. Woodson has not offered any evidence to rebut Judge Mitchell's finding that the courtroom was not large enough to accommodate Woodson's family along with the venire, nor has he demonstrated that an alternative to closure existed. *See Garlotte v. Fordice*, 515 U.S. 39, 46 (1995) (noting that burden of proof in habeas cases is on petitioner). If the closure was justified by space limitations, then the courtroom would have been closed even if counsel had asserted Woodson's public trial rights. Counsel's failure to raise a futile objection does not constitute deficient performance. *See Truesdale v. Moore*, 142 F.3d 749, 756 (4th Cir. 1998) ("It is certainly reasonable for counsel not to raise unmeritorious claims.").

## III.

For the foregoing reasons, we hold that Woodson is not entitled to habeas relief. Accordingly, while we grant a certificate of appealability, we affirm the denial of a writ of habeas corpus.

*AFFIRMED*